UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONALD BASS, | ) | CASE NOS. 1:09 CV 2516 |
| | ) | 1:09 CV 2715 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| WHITE CASTLE SYSTEMS, INC., et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Before the court are plaintiff pro se Donald Bass's above-captioned consolidated cases. Both complaints were filed against Mr. Bass's employer White Castle Systems, Inc., and the following White Castle employees: Bill Ingram, Lisa Ingram, Ken Walters, Lydia Dowler and Nicholas W. Zuk. Plaintiff alleges, inter alia, the defendants discriminated against him based on race, sex and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and 42 U.S.C. §1983. He also alleges the defendants retaliated against him because he filed charges against White Castle through the Equal Employment Opportunity Commission (E.E.O.C.). Mr. Bass seeks $500,000 in compensatory damages, as well as unspecified punitive damages. For the reasons set forth below, defendants Bill Ingram, Lisa Ingram, Ken Walters, Lydia Dowler and Nicholas W. Zuk are dismissed from both actions, as well as plaintiff's Civil Rights claims pursuant to 42 U.S.C.

§ 1983.

*Background*

A.     1:09cv2516

White Castle suspended Mr. Bass for three days after he failed to show up for his assigned shift on June 17, 2008. The following month another male employee, Mr. Calwell, was suspended three days for failing to show up for work. When a female employee, Ms. Black, failed to show up for work on August 16, 2008, however, she was treated differently from Messrs. Bass and Calwell. Plaintiff alleges that, unlike he and Mr. Calwell, Ms. Black was permitted to report to work the day following her failure to appear. She was allegedly permitted to work 7.57 hours on August 17, and 7 hours on August 18, 2008. Mr. Bass complains that the General Manager, Tarri Oats, was aware Ms. Black had failed to appear on August 16, but violated the employee handbook by permitting her to work anyway. Mr. Bass adds that "this is what brought about her [Tarri Oats] demise as a General Manager." (Compl. at 3.) In addition, plaintiff implies District Supervisor Phillip Arnold "was swiftly transferred to another Unit, within the region" because of his handling of Ms. Black's case. (Compl. at 3.)

Plaintiff asserts that, "[a]s a direct and proximate consequence of Tarri Oats misconduct," he has been denied merit increases and passed over for promotions. (Compl. at 3.) He maintains White Castle is responsible for the actions of Ms. Oats. He concludes he has been "[i]njured and has suffered humiliation and embarrassment, humiliation and emotional harm as well as interference with Plaintiff's prospective economic advantage." (Compl. at 4.)

B.     1:09cv2716

Mr. Bass received a 5 day suspension November 8, 2008 for "excessive tardiness."

(Compl. at 2.) This disciplinary action was imposed after he reported late to work 21 times. He maintains, however, he would not have been disciplined "so harshly if I were not an older black male who filed previous charges against White Castle." (Compl. t 2.) He claims a Caucasian female, Jenny Kuchinsky, was late 20 times but was not disciplined at the time. He then claims it is the company's policy to provide a verbal warning after three late arrivals, a written reprimand after an additional three, and, finally, a 3-5 day suspension after an additional three tardy arrivals. This policy allegedly was not imposed on Ms. Kuchinsky.

Mr. Bass, who implies he is an Assistant General Manager, claims Ms. Kuchinsky and Robert Crockett are also Assistant General Managers. Like Ms. Kuchinsky, Mr. Crockett is Caucasian and "has been late 10 times this year . . . [but] is never documented for being late." (Compl. at 2.) In fact, Mr. Crockett telephoned the unit on November 11, 2009 and asked plaintiff to "clock him in at his schedule [sic] time of 3:00 PM because he was running late. I told him I would clock him in, but I did not, [sic] He arrived at 3:19 PM, and changed the pos system back to make it appear as if he was on time." (Compl. at 3.)

Plaintiff believes he was discriminated against by White Castle because of his age and "in retaliation for engaging in a protected activity." (Compl. at 2.) But for the fact that Mr. Bass is 55 years old and African American, he believes he would not have been disciplined with a 5 day suspension.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief

3

can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). While Mr. Bass's claims of harassment based on age,[1] race and gender may have arguable merit, see Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002), he cannot hold his co-workers liable for these claims. Moreover, he fails to state a claim under 42 U.S.C. § 1983. Thus, for the reasons stated below, Bill Ingram, Lisa Ingram, Ken Walters, Lydia Dowler and Nicholas W. Zuk, as well as plaintiff's § 1983 claims, are dismissed from this action pursuant to section 1915(e).

*Title VII*
*Employer Liability*

The Sixth Circuit has held that "[t]he law is clear in this circuit that individual liability may not be imposed on an employee, provided that the employee himself cannot be classified as an 'employer,' under Title VII." Bangas v. Potter, No. 04-3972, 2005 WL 1901825 (6th Cir. Aug. 8, 2005); see also Ulmer v. Dana Corp., No. 02-3670, 2004 WL 2299055 (6th Cir. Oct. 12, 2004)(affirming district court's reasoning that "Title VII does not encompass claims against supervisors in their individual capacities"); Creusere v. James Hunt Constr., No. 03-3089, 2003 WL 22976572 (6th Cir. Dec. 4, 2003) ("Title VII does not permit employees and supervisors to be sued in their individual capacities"); Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir.1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."). Based on the foregoing, Mr. Bass's co-workers

---

[1]Although Mr. Bass has not cited the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626, et seq., he alleges he is the victim of disparate treatment by his employer based on his age, which violates the ADEA. At this stage, the court cannot summarily dismissed his claims as frivolous under 28 U.S.C. § 1915.

Bill Ingram, Lisa Ingram, Ken Walters, Lydia Dowler and Nicholas W. Zuk do not qualify as employers subject to suit under Title VII and must be dismissed from this action.

*Civil Rights Claim*
*42 U.S.C. §1983*

To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979).

Clearly, the statute provides a remedy for plaintiffs against any persons who, under color of state law, deprive them of any rights, privileges, or immunities secured to them by the Constitution or federal statute. Section 1983 is only applicable to private parties where the actions taken "can fairly be seen as state action." Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Without state action, a plaintiff has not suffered a deprivation of any rights secured by the Constitution, since constitutional provisions such as the Due Process and Equal Protection Clauses prohibit only the state, and not private persons, from acting contrary to their terms. Thus, unless an action is taken under color of state law, by either a private person or a state official, there can be no § 1983 violation. There is no allegation that White Castle exercised any powers which are traditionally exclusively reserved to the state. Accordingly, Mr. Bass's section 1983 claims are dismissed.

*Conclusion*

5

Based on the foregoing, Mr. Bass's claims pursuant to 42 U.S.C. § 1983 and the Title VII claims leveled against Bill Ingram, Lisa Ingram, Ken Walters, Lydia Dowler and Nicholas W. Zuk are dismissed. The court certifies that an appeal from this dismissal could not be taken in good faith. This Title VII/ADEA action shall proceed solely against White Castle. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon White Castle. The Clerk's Office is directed to also forward a copy of this order to Bill Ingram, Lisa Ingram, Ken Walters, Lydia Dowler and Nicholas W. Zuk.

IT IS SO ORDERED.

/s/Dan Aaron Polster 1/19/10
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE